[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In a memorandum of decision dated July 29, 1993, judgment entered in favor of the plaintiff in the amount of $12,147.20, which included interest of $2,702.20. On page 6 of that memorandum of decision it was stated that: "[t]he plaintiff did not file any exceptions to the report as authorized by Practice Book 439. Because of the lack of exceptions, the factual findings by the referee must stand uncorrected."
The plaintiff then moved (#136) to open or vacate the judgment on the CT Page 9340 basis that it had in fact filed exceptions. Further review of the court file indicates that plaintiff is correct and that it did file exceptions on January 25, 1993 in response to the attorney trial referee's supplemental report of January 14, 1993. In addition, the plaintiff filed a transcript of the hearing before the attorney trial referee in accordance with Practice Book 439. The filing of exceptions requires the opening of the July 29, 1993 judgment and vacating the award to plaintiff.
The background of this case was set forth in detail in the prior memorandum of decision. It was pointed out that the controversy between plaintiff and defendant was referred to arbitration, as a result of which the plaintiff was awarded $101,000, subject to a credit for payments by the defendants to various subcontractors.
The exceptions to the supplementary report of the referee which were filed by the plaintiff repeat its motion to correct of December 16, 1992. The plaintiff states in its exceptions that the referee "seems to accept the plaintiff's corrections, but does so in `such doubtful language' (in the words of Practice Book 439 governing exceptions) as to prompt these exceptions."
The referee did respond to plaintiff's December, 1992 motion to correct and agreed in principle that plaintiff was entitled to recover a judgment reduced by certain amounts paid to subcontractors. The exceptions by plaintiff, which are also the substance of its objections to the referee's report, center around the credit due the defendants for payments they made to one of the subcontractors, L M Company, a division of Nieto Roofing Contractors, Inc. (L M).[1] The defendants paid this company $18,400, which was a compromise of its original claim against them for $36,400. The attorney trial referee recommended that the defendants receive a credit for the total amount of the claim by L M, or $36,400. On page 10 of the memorandum of decision it was stated that: "[t]he crediting to the defendants of the amount of the L M claim appears logical and reasonable. The fact that the defendants were able to compromise the claim should inure to their benefit, rather than that of the plaintiff."
Plaintiff's exceptions and objections relate essentially to this recommendation by the referee of a credit to the defendants of $36,400. The recommendation, which was accepted on July 29, 1993, remains as sound now as it did then. Thus, judgment enters in the same amount as in the original judgment, $9,445. Interest is recalculated from September 19, 1990 to date in the amount of $2,990.92. Total judgment enters in favor of the plaintiff for $12,435.92. Costs are to be taxed by the clerk. CT Page 9341
So Ordered.
Dated at Stamford, Connecticut this 19th day of November 1993.
William B. Lewis, Judge